KEN THERRIEN
413 NORTH SECOND STREET
YAKIMA, WA 98901
509.457.5991

<u>Attorney for:</u>
JONATHAN PARRA

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
### (Honorable Salvador Mendoza, Jr.)

| | |
|---|---|
| UNITED STATE OF AMERICA,<br>　　　　　　Plaintiff,<br>　vs.<br>JONATHAN PARRA,<br>　　　　　　Defendant. | NO.   1:19-CR-6069-SMJ-6<br><br>MOTION *IN LIMINE* |

TO: Clerk, U.S. District Court, Eastern District of Washington; and
TO: Benjamin Seal, Assistant United States Attorney.

**COMES NOW**, Jonathan Parra by and through his attorney of record, Ken Therrien, and submits the following Motions *In Limine*:

1. **<u>Opinion testimony by any person who has not been previously identified as an expert and who the Government has failed to previously provide discovery pursuant to FRCP 16(G).</u>**

MOTION *IN LIMINE*
Page  1

KEN THERRIEN, PLLC
413 NORTH SECOND STREET
YAKIMA, WA  98901
(509) 457-5991

Federal Rule of Criminal Procedure 16(G) provides in part as follows:

G. Expert witnesses – At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial …
The summary provides under this subparagraph must describe the witnesses' opinions, the basis and reasons for those opinions, and the witnesses' qualifications.

Mr. Parra requests the Court prohibit any opinion testimony by any person who has not previously been identified as an expert and/or who the Government has failed to provide discovery pursuant to FRCP 16(G).

2.    **Any statement from law enforcement regarding evidence or statements alleged to be made by cooperating witnesses or confidential informants.**

Under the Sixth Amendment to the Constitution, the defendant has the right to confront all witnesses against him. All out of the court statements by non-testifying individuals should therefore be excluded.

3.    **Mr. Parra requests that the Government be required to present all statements it intends to introduce under FRE 801(d)(2)(E) at or before the pre-trial conference so that the court can determine their admissibility outside of the presence of the jury.**

4.    **FRE 404(b) AND 609**

MOTION *IN LIMINE*
Page  2

KEN THERRIEN, PLLC
413 NORTH SECOND STREET
YAKIMA, WA  98901
(509) 457-5991

The defendant, Jonathan Parra, moves the Court for an order prohibiting the government from introducing or attempting to introduce evidence of prior convictions or bad acts without first complying with the FRE 404(b) and 609. At this time discovery requests pursuant to 404(b) and 609 have been made. Defendant Jonathan Parra requests an opportunity to be heard prior to the introduction of such evidence.

5. **Prohibiting Government from Vouching for the Credibility of Government Witnesses.**

"[A] prosecutor may not express his opinion of the defendant's guilt or his belief in the credibility of government witnesses." United States v. Sanchez, 176 F.3d 1214, 1224 (9th Cir. 1999) (quoting United States v. Molina, 934 F.2d 1440, 1444 (9th Cir. 1991)). "Attempts to bolster a witness by vouching for his credibility are ... improper if the jury could reasonably believe that the prosecutor indicated a personal belief in the witness' credibility." United States v.Eyster, 948 F.2d 1196, 1206 (11th Cir. 1991). A petitioner must be granted a new trial where the remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." See Donnelly v. DeChristoforo, 94 S.Ct. 1868 (1974).

6. **Testifying witnesses should be excluded from the courtroom under FRE 615.**

The Defendant requests that all witness be excluded from the courtroom until they are excused from service, pursuant to FRE 615. Should the law enforcement agent chosen by the Government to sit at counsel's table during the trial be a percipient witness, the Defendant would ask that case agent's testimony be taken first, so as not to violate the spiret of FRE 615. See *United States v. Valencias Riascos*, 696 F.3d 938 (9th Cir. 2012) ("good practice to require case agent witnesses to testify first").

MOTION *IN LIMINE*
Page  3

KEN THERRIEN, PLLC
413 NORTH SECOND STREET
YAKIMA, WA  98901
(509) 457-5991

7.     **Leave to file additional motions in limine.**

The Defense hereby reserves the right to file additional motions in limine should the need arise prior to the trial.

DATED this 02nd day of March, 2020.

》》》》》》》》》》》》》》》》》》》》》》》

*/s/ Ken Therrien*
Ken Therrien, WSBA # 20291
Attorney for Jonathan Parra

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on March 2, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

- Benjamin D. Seal, Assistant United States Attorney

MOTION *IN LIMINE*
Page  4

**KEN THERRIEN, PLLC**
413 NORTH SECOND STREET
YAKIMA, WA  98901
(509) 457-5991

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31

    *s/ Ken Therrien*
KEN THERRIEN, WSBA #20291
Attorney for Jonathan Parra
413 North Second Street
Yakima, WA 98901
(509) 457-5991
Fax: (509) 457-6197
kentherrien@msn.com

MOTION *IN LIMINE*
Page 5

**KEN THERRIEN, PLLC**
413 NORTH SECOND STREET
YAKIMA, WA 98901
(509) 457-5991