Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Benjamin D. Seal
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 1 0 2021

SEAN F. McAVOY, CLERK
RICHLAND, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA | NO: 4:19-CR-6069-SMJ-6 |
| vs. | Plea Agreement<br>Rule 11(c)(1)(C) |
| JONATHAN PARRA | |

The United States of America, by and through Joseph H. Harrington, Acting United States Attorney for the Eastern District of Washington, and Benjamin D. Seal, Assistant United States Attorney for the Eastern District of Washington, and Defendant, JONATHAN PARRA, and Defendant's counsel, KEN THERRIEN, agree to the following Plea Agreement:

1. **Guilty Plea:**

Defendant, JONATHAN PARRA, agrees to plead guilty to Count One of the Indictment in this case, charging Defendant with Conspiracy to Distribute One Kilogram or More of Heroin, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(i) and 846.

PLEA AGREEMENT
PAGE - 1

## 2. Maximum Statutory Penalties:

Defendant, JONATHAN PARRA, understands that this is a Class A felony charge, which carries a maximum penalty of: a minimum of 10 years and maximum of life imprisonment; a fine not to exceed $10,000,000; at least 5 years of supervised release; and a $100 special penalty assessment.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

## 3. Denial of Federal Benefits:

The Defendant understands that by entering a plea of guilty to Count One of the Indictment in this case, the Defendant may no longer be eligible for assistance under any state program funded under part A of title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act pursuant to 21 U.S.C. § 862a. Further, the Court may deny the Defendant's eligibility to any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States pursuant to 21 U.S.C. § 862.

4. **The Court is Not a Party to the Agreement:**

The Defendant understands that this Plea Agreement is entered into pursuant to Fed. R. Crim. P. 11(c)(l)(C), and that the Defendant has the option to withdraw from this Plea Agreement if the Court imposes a sentence of incarceration greater than 135 months.

5. **Waiver of Constitutional Rights:**

Defendant, JONATHAN PARRA, understands that by entering this plea of guilty Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    (a). The right to a jury trial;

    (b). The right to see, hear and question the witnesses;

    (c). The right to remain silent at trial;

    (d). The right to testify at trial; and

    (e). The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that he/she retains the right to be assisted through the sentencing, and any direct appeal of the conviction and sentence, by an attorney who will be appointed at no cost if Defendant cannot afford to hire an attorney.

6. **Effect on Immigration Status:**

Defendant, JONATHAN PARRA, recognizes that pleading guilty may have consequences with respect to his/her immigration status if he/she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his/her attorney or the District Court, can predict to a certainty the effect of his/her conviction on his/her immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that his/her plea may entail, even if the consequence is his/her automatic removal from the United States.

7. **Elements of the Offense:**

The United States and Defendant agree that in order to convict Defendant of Conspiracy to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(i) and 846, the United States would have to prove beyond a reasonable doubt the following elements:

(a). First, from on or about July 1, 2019 and continuing to on or about December 6, 2019, there was an agreement between two or more persons to commit at least one crime as charged in the Indictment (to wit, to distribute

one kilogram or more of a mixture or substance containing a detectable amount of heroin); and

(b). Second, the Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

8. **Factual Basis and Statement of Facts:**

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts constitute an adequate factual basis for JONATHAN PARRA's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

From on or about July 1, 2019 and continuing to on or about December 6, 2019, Defendant agreed with other individuals to distribute heroin. On numerous occasions during that time period, Defendant received instructions from persons in Mexico directing him where and to whom to distribute different drugs, including heroin. Defendant did as directed and met with other individuals and provided heroin to them. Defendant resided in Pasco at the time, and distributed heroin in the Tri-Cities area. The amount of the heroin was over one kilogram. Defendant knew the substance was heroin. Defendant knowingly conspired with others to

distribute over 1 kilogram of a mixture or substance containing a detectable amount of heroin.

9. **The United States Agrees:**

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment in this case, unless the Defendant breaches this Plea Agreement any time before or after sentencing. The United States also agrees to dismiss the remaining counts of the Indictment against Defendant, if any.

10. **United States Sentencing Guideline Calculations:**

Defendant understands and acknowledges that the Court will consult the United States Sentencing Guidelines (hereinafter "U.S.S.G.") and take them into account when sentencing. Defendant also understands, however, that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guideline range is advisory and that the court is required to consider the factors set forth in 18 U.S.C. § 3553(a) and to impose a reasonable sentence.

    (a.) Acceptance of Responsibility:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete

and accurate information during the sentencing process; does not commit any obstructive conduct; and enters a plea of guilty as soon thereafter as it may be placed on the court's docket, the United States will recommend that Defendant receive a two (2) level reduction for acceptance of responsibility, and if Defendant's adjusted offense level is sixteen (16), or greater, the United States will move for a one (1)-level reduction for timeliness. See U.S.S.G. § 3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

(b.) Criminal History:

The United States and Defendant make no agreement regarding Defendant's criminal history.

(c.) Other Guideline Calculations:

The United States and Defendant agree that Defendant's Base Offense Level is 36.

The United States and Defendant agree that a two level enhancement applies for possession of a firearm.

The United States agrees that no other enhancements apply.

## 11. Incarceration:

Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, the United States agrees to recommend that the Court impose a sentence of 135 months imprisonment. The Defendant has the option to withdraw from this Plea Agreement if the Court imposes a sentence of incarceration greater than 135 months.

Defendant may argue for any legal sentence.

## 12. Fines:

The United States and Defendant reserve the right to make whatever recommendation they believe is appropriate concerning the imposition of a criminal fine.

## 13. Supervised Release:

The United States and Defendant agree to recommend that the Court impose a 5 year term of supervised release.

## 14. Mandatory Special Penalty Assessment:

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

### 15. Payments While Incarcerated:

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

### 16. Appeal Rights:

The Defendant understands that he/she has a limited right to appeal or challenge the conviction and sentence imposed by the Court. The Defendant hereby expressly waives his/her right to appeal his/her conviction and the sentence the Court imposes, including any restitution order. The Defendant further expressly waives his/her right to file any post-conviction motion attacking his/her conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack Defendant might file challenging the conviction or sentence in this case, except for ineffective assistance of counsel as noted above. If Defendant files a notice of appeal, a habeas petition, or other collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion

of the Government, be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the Plea Agreement.

17. **Integration Clause:**

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

**Approvals and Signatures**

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

JOSEPH H. HARRINGTON
Acting United States Attorney

_Ian Garrigues (for)_  6/10/21
BENJAMIN D. SEAL           Date
Assistant United States Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____  6/3/21
JONATHAN PARRA                    Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____  6/3/21
KEN THERRIEN                      Date
Attorney for Defendant

PLEA AGREEMENT
PAGE - 11